TROUTMAN PEPPER HAMILTON SANDERS LLP
Justin D. Balser, Bar No. 027850
justin.balser@troutman.com
5 Park Plaza
Suite 1400
Irvine, CA 92614
Telephone: 949.622.2700
Facsimile: 949.622.2739

TROUTMAN PEPPER HAMILTON SANDERS LLP
Ben Lewis Wagner, Cal. Bar No. 243594 (*pro hac vice forthcoming*)
ben.wagner@troutman.com
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092
Telephone: 858.509.6000
Facsimile: 858.509.6040

Attorneys for Plaintiff
SLEEP NUMBER CORPORATION

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sleep Number Corporation, | Case No. _____ |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| Anonymous Ultimate Licensee of COMFORT.COM; WWW.COMFORT.COM | **[TRO REQUESTED]** |
| Defendants. | **[JURY TRIAL DEMANDED]** |

146304964v3

## **IMMEDIATE TRO RELIEF AND WHY IT IS JUSTIFIED:**

This lawsuit is brought because an anonymous party has impersonated Plaintiff Sleep Number Corporation in order to steal its COMFORT.COM domain, has shut down critical back-end functions, and is attempting to auction the domain for $495,000 as the impersonating owner. Plaintiff has owned this domain since 1995.

Plaintiff pursued informal assistance through the Registrar, GoDaddy.Com, LLC, and its privacy protect affiliate Domains by Proxy, LLC, who have stated that they will not take action to assist on their own but will promptly comply with any court order concerning a domain registered with them whether or not a party to suit.

Thus, Plaintiff seeks TRO and Preliminary Injunctive relief transferring the domain to Plaintiff and prohibiting transfer (other than to Plaintiff) pending further order of this Court.

Because Defendant's domain name theft is of a domain name that supports many of Plaintiff's back-end functions, as of two days ago (Tuesday, February 28, 2023), Defendant's unlawful conduct has rendered more difficult or non-functional the following functions important to the day-to-day operations of Plaintiff's $2 billion/year famous smart bed business: (1) delivery communications, (2) scheduling communications, (3) customer rescheduling, (4) employee mobile device functioning, (5) remote troubleshooting of customers' products, (6) remote management of employee workstation applications and operating systems, and (7) VPN employee access. This injury and damage is in addition to impending sale of the domain at a GoDaddy Auction for $495,000.

Plaintiff SLEEP NUMBER CORPORATION brings suit for cybersquatting, violation of The Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030), and conversion against Defendant the ANONYMOUS ULTIMATE LICENSEE OF WWW.COMFORT.COM ("Defendant"), and alleges and states as follows:

**THE PARTIES**

1. Plaintiff SLEEP NUMBER CORPORATION ("Plaintiff" or "SLEEP NUMBER") is a Minnesota corporation with its principal place of business at 1001 Third Avenue, South Minneapolis, MN 55404.

2. Defendant ANONYMOUS ULTIMATE LICENSEE OF COMFORT.COM ("Defendant" or "ULTIMATE LICENSEE") is an unknown individual or entity, who is the ultimate licensee of the privacy-protected registration for the domain COMFORT.COM.

3. Defendant's actions alleged herein were those of themselves, their agents and/or licensees, and they are jointly and severally liable for the conduct of one another as though taken themselves.

4. The *in rem* claim is asserted under the provisions of the ACPA 15 U.S.C. § 1125(d), against the ULTIMATE LICENSEE.

5. SLEEP NUMBER seeks an order compelling transfer of the COMFORT.COM domain name so that it may be registered in SLEEP NUMBER's name, compensatory damages, disgorgement of profits and all funds obtained through the wrongdoing, trebling of damages for willfulness and this being an exceptional case, and attorneys' fees and costs.

**JURISDICTION AND VENUE**

6. This court has subject matter jurisdiction over the claim of cybersquatting under the Lanham Act and the claim of fraud under the federal Computer Fraud and Abuse Act ("CFAA"), including *inter alia* 28 U.S.C. §§ 1331 and 1338, and the state law claim for conversion under 28 U.S.C. §§ 1367 as it arises from the same nucleus of operative facts and forms part of the same case and controversy.

7. *In rem* jurisdiction and venue over COMFORT.COM are proper in this judicial district pursuant to 15 U.S.C. § 1125 *et seq*. because (1) the website violates the rights of the trademark holder, SLEEP NUMBER; (2) the Court may find SLEEP NUMBER is unable to obtain in personam jurisdiction over the ULTIMATE LICENSEE

1  or any other person who would be a defendant under 15 U.S.C. § 1125(d)(1); and (3) *in rem* jurisdiction over domain names is proper in the place of incorporation of the registrar for the domain name. *See* 15 U.S.C. 1125(d)(2)(A). Therefore, federal courts in Arizona have proper *in rem* jurisdiction because the registrar of the fraudulently-registered website, GODADDY.COM, is located within the District of Arizona. *In rem* jurisdiction is unnecessary to the extent the Court finds the ULTIMATE LICENSEE subject to personal jurisdiction under the forum-selection clause in the GoDaddy registration agreement.

8. On February 28, 2023, two days ago, SLEEP NUMBER discovered that its valuable COMFORT.COM domain had been stolen. The same day, SLEEP NUMBER sent a demand letter to GoDaddy using every available contact. The following day, Plaintiff contacted Network Solutions. Given GoDaddy's assurances of compliance with any court order issued in the anticipated proceedings, neither has been named at this time, but SLEEP NUMBER reserves all rights.

9. The ULTIMATE LICENSEE is subject to personal jurisdiction in this forum by virtue of its forum selection clause. It entered into two such clauses when it transferred the COMFORT.COM domain to the Registrar GoDaddy and registered it to be held by privacy-protect services provided by DOMAINS BY PROXY, both of which have registration agreements with all registrants using their services that require resolution of all disputes in Arizona arising from or related to the domain. *LimoStars, Inc. v. N.J. Car & Limo, Inc.*, 2011 U.S. Dist. LEXIS 87771, *12-15, 2011 WL 3471092 (D. Az. Aug. 8, 2011) ("By registering the [domain] through Go Daddy, Inc., [Defendant] consented to personal jurisdiction in this District.").

10. Specifically, the DOMAINS BY PROXY proxy agreement reads: "This Agreement shall be governed in all respects by the laws and judicial decisions of Maricopa County, Arizona, excluding its conflicts of laws rules. Except as provided immediately below, You agree that any action relating to or arising out of this Agreement, shall be brought exclusively in the courts of Maricopa County, Arizona. For the adjudication of domain name registration disputes, you agree to submit to the exclusive jurisdiction and

146304964v3 - 4 -

venue of the U.S. District Court for the District of Arizona located in Phoenix, Arizona. You agree to waive the right to trial by jury in any proceeding, regardless of venue, that takes place relating to or arising out of this Agreement." GODADDY.COM's registrar agreement similarly provides disputes "shall be filed only in the Superior Court of Maricopa County, Arizona, or the United States District Court for the District of Arizona, and each party hereby irrevocably and unconditionally consents and submits to the exclusive jurisdiction of such courts for any such controversy."

## PLAINTIFF'S BUSINESS AND INTELLECTUAL PROPERTY

11. SLEEP NUMBER manufactures, markets, and sells air-adjustable sleep systems, which were originally invented in the 1980's. SLEEP NUMBER CORPORATION was formerly known as SELECT COMFORT CORPORATION and has sold products under the brands Sleep Number and Select Comfort. SELECT COMFORT CORPORATION acquired the assets of COMFORTAIRE CORPORATION in 2013, which also sold air-adjustable sleep systems under the Comfortaire brand. SLEEP NUMBER owns dozens of patents covering its unique beds.

12. SLEEP NUMBER is now a publicly-traded company with annual sales approaching $2 billion, a market capitalization approaching $1 billion, and approximately 5,000 employees. Its SLEEP NUMBER (U.S. Reg. No. 2,149,899, first use 2002) and COMFORTAIRE (U.S. Reg. No. 1,275,216, first use 1980) trademarks are registered and famous trademarks, with extensive secondary meaning in the United States.

13. When the internet was in its early stages, SLEEP NUMBER saw the value of the COMFORT.COM domain, like other companies acquiring domains like HOTELS.COM and BOOKING.COM. Recently, the Supreme Court in the BOOKING.COM case recognized that, in addition to being property, domain names such as this warrant trademark protection.

14. Thus, in 1995, SLEEP NUMBER (then known as SELECT COMFORT CORPORATION) acquired COMFORT.COM. Since that time, the domain has consistently been a major landing page for consumers looking to purchase products under

the Sleep Number and Select Comfort brands, with examples of its historical home pages below:


Screenshot taken Dec 29, 2010


Screenshot taken Feb 21, 2007


May 3, 2005

15. Thus, along with heavy advertising and focus on SEO, the COMFORT.COM domain name and trademark was used with countless millions of consumers and strongly associated with the Sleep Number and Select Comfort trademarks, prior to the hijacking of its COMFORT.COM domain. The strength of the COMFORT.COM mark was further reinforced because COMFORT.COM became recognized as an abbreviated form of Select *Comfort* and immediately recognizable as associated with the goodwill of the Select Comfort and Sleep Number brands. Strong secondary meaning and rights to the trademark COMFORT.COM had been acquired by SLEEP NUMBER long before the domain name theft and the mark qualified as a famous mark by the time of the theft.

16. In addition to customer-facing uses, COMFORT.COM is and has been for decades a critical part of SLEEP NUMBER's backend infrastructure and day-to-day business and operations, which continued (initially despite the domain theft) until two days ago. These backend uses are discussed below.

17. On or around December 31, 2021, Defendant ULTIMATE LICENSEE made online access through computers to steal the registration for the COMFORT.COM domain from Plaintiff. On information and belief, ULTIMATE LICENSEE exploited vulnerabilities to impersonate to NETWORK SOLUTIONS (Plaintiff's domain name registrar for COMFORT.COM) an authorized user of SLEEP NUMBER's Network Solutions online account, and thereafter modified the relevant contact person and contact information to take over control of the domain name registration. Then, using that new contact information, ULTIMATE LICENSEE proceeded to transfer the domain to GODADDY.COM as the Registrar (effective January 9, 2022), and placed the domain under GODADDY.COM's affiliate privacy protect proxy DOMAINS BY PROXY.

18. However, because SLEEP NUMBER's backend operations continued to operate, it did not discover the theft until Tuesday, February 28, 2023, when the COMFORT.COM domain history indicates the ULTIMATE LICENSEE changed the domain's servers to sedoparking.com, reportedly located in Germany. This interfered with SLEEP NUMBER's backend systems, and it immediately investigated.

19. Not only was the server switched to a Germany sever, but Defendant ULTIMATE LICENSEE has also now placed the COMFORT.COM domain for sale through GoDaddy Auctions for $495,000 (a true and correct screenshot is below from the GoDaddy Auctions website is below):



20. Plaintiff discovered the domain name hijacking and scheme on February 28, 2023, sought immediate informal resolution, and immediately prepared and brought this lawsuit within two days, seeking emergency relief.  Plaintiff's investigation has confirmed that no one within SLEEP NUMBER voluntarily gave the hijacking ULTIMATE LICENSEE access, permissions or authorization to the domain, and that the ULTIMATE LICENSEE appears to have located and exploited vulnerabilities, and remains anonymous to this point.  Defendant ULTIMATE LICENSEE's access is and has at all times been unauthorized, and Defendant has acted without color of title or permission.

21. Because of its historic integration into sales efforts and ongoing value in driving consumers to SELECT NUMBER's products, SELECT NUMBER has in more recent years used the COMFORT.COM domain as a popular redirect to consumers seeking SELECT NUMBER products, meaning a consumer visiting the domain is automatically redirected to SELECT NUMBER's main page.  At the same time, for decades SLEEP NUMBER has integrated the http://COMFORT.COM domain into SLEEP NUMBER's backend logistics and operations.  The backend uses carried out by SLEEP NUMBER through the COMFORT.COM domain have been stopped by the domain hijacking and are

1  no longer functioning since the Defendant transferred server services to a Germany server.

2  Thus, unless and until the registration is restored to SLEEP NUMBER so it can essentially

3  plug COMFORT.COM back into its backend, at least the following operations-critical

4  activities have been impeded or altogether disabled:  (1) delivery communications, (2)

5  scheduling communications, (3) customer rescheduling, (4) employee mobile device

6  functioning, (5) remote troubleshooting of customer's products, (6) remote management of

7  employee workstation applications and operating systems, and (7) VPN access.

8        22.  ULTIMATE LICENSEE has also used the hijacked domain to generate bad

9  faith click-through ad revenues, including most recently auntiebosflowersandgifts.com,

10  baseformula-us.com, NaplesDate.com, scenematic.com, kayleecollission.com,

11  harkeo.com, ededektif.com, draims.com, CryptoFactss.com.  These sites in turn, on

12  information and belief, are generally registered through privacy protected means and

13  themselves are pages that solely contain more click-through ads, a second-layer click bait

14  scheme designed to obtain maximum click-through ad revenue from unsuspecting

15  consumers while further covering the tracks of ULTIMATE LICENSEE and interfering

16  with the ability to trace such bad faith ad revenue to the recipient.  On information and

17  belief, consumer complaints have been made about these activities, creating a further risk

18  of irreparable harm in the form of blocklisting or placement demotion on search platforms.

**FIRST CLAIM FOR RELIEF**
**In rem Cybersquatting claim under the Anti-Cybersquatting Consumer Protection Act — 15 U.S.C. § 1125(d)(2) against WWW.COMFORT.COM**

21        23.  Plaintiff realleges and incorporates by this reference each and every allegation

22  set forth herein.

23        24.  ULTIMATE LICENSEE has hijacked the registration, transferred the

24  registration, and continued to maintain and use the registration for the COMFORT.COM

25  domain name with a bad faith intent to profit from Plaintiff's COMFORT.COM mark and

26  its historical connection with the famous SLEEP NUMBER federally-registered and

27  incontestable SLEEP NUMBER trademark, SLEEP NUMBER's well-known and famous

28  legacy trademark SELECT COMFORT, as well as the trademark COMFORT.COM.

25. The domain name is identical or confusingly similar to these trademarks owned by Plaintiff, and exactly identical to SLEEP NUMBER's distinctive COMFORT.COM mark, and was so at the time Defendant registered, renewed, used and maintained the registration in the COMFORT.COM domain name.

26. The name is also confusingly similar to the SELECT COMFORT legacy trademark, a famous mark for which SLEEP NUMBER is the well-known affiliated company. As a result, to this day SLEEP NUMBER and its authorized resellers remain the top results for SELECT COMFORT on search engines like Google. Further, consumers for over twenty years prior to the hijacking were taught that the COMFORT.COM domain was where SELECT COMFORT (and subsequently SLEEP NUMBER) could be found, making consumers prone to visit the COMFORT.COM domain under the assumption that it is the legitimate site for these mattresses.

27. Thus, Defendant's registration, renewal, continued maintenance of the domain name registration for and use of the COMFORT.COM domain name has caused and will continue to cause damage to Plaintiff, in an amount to be proved at trial, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law. Plaintiff's remedies at law are inadequate and it is entitled to a interim and permanent transfer order, an order preventing further use or transfer by Defendant of the domain, and all other injunctive relief provided for under 15 U.S.C. 1125(d).

**SECOND CLAIM FOR RELIEF**
**(Cybersquatting claim under the Anti-Cybersquatting Consumer Protection Act — 15 U.S.C. § 1125(d) against the registrant of WWW.COMFORT.COM).**

28. Plaintiff realleges and incorporates by this reference each and every allegation set forth herein.

29. ULTIMATE LICENSEE has hijacked the registration, transferred the registration, renewed the registration, continued to maintain the registration for, and used the COMFORT.COM domain name with a bad faith intent to profit from Plaintiff's COMFORT.COM mark and its connection with the famous SLEEP NUMBER marks SELECT COMFORT and SLEEP NUMBER.

30. Defendants' registration, renewal, continued maintenance of the domain registration for, and use of the COMFORT.COM domain name has caused and will continue to cause damage to Plaintiff, in an amount to be proved at trial, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.  Plaintiff is also entitled to statutory and treble damages, and is also entitled to transfer and other interim and permanent injunctive relief for COMFORT.COM provided by 15 U.S.C. 1125(d).

### THIRD CLAIM FOR RELIEF
**(CFAA, 18 U.S.C. § 1030, against the registrant of WWW.COMFORT.COM).**

31. Plaintiff realleges and incorporates by this reference each and every allegation set forth herein.

32. The domain COMFORT.COM and its registration constitute property and belong exclusively to Plaintiff SLEEP NUMBER.

33. ULTIMATE LICENSEE used a U.S. computer to communicate with Network Solutions, impersonating SLEEP NUMBER and fraudulently representing it had authority, which it did not have, in order to gain online access to the domain and registration, taking this domain name for itself with a value (and damage and loss to SLEEP NUMBER) well over the $5,000 minimum required by Section 1030.

34. Defendant ULTIMATE LICENSEE intentionally accessed the computers housing the COMFORT.COM domain, without authorization, and thereby obtained information and property associated with the domain name registration, and used that information to take control of the property of the domain name, resulting in a loss of over $5,000 to SLEEP NUMBER.

35. Plaintiff is thus entitled to its actual damages, interim and permanent injunctive relief including a transfer of the stolen domain COMFORT.COM, statutory damages, attorneys' fees, and the other relief provided by CFAA.

**FOURTH CLAIM FOR RELIEF**
**(Conversion, against the registrant of WWW.COMFORT.COM)**

36. Plaintiff realleges and incorporates by this reference each and every allegation set forth herein.

37. The COMFORT.COM domain is property that belongs to, and has belonged at all relevant times belonged to, Plaintiff.

38. ULTIMATE LICENSEE stole the COMFORT.COM domain by impersonating an authorized representative of SLEEP NUMBER with Network Solutions and using fraudulent information to obtain access to the online account, and used that access to convert the domain name registration to ULTIMATE LICENSEE.

39. ULTIMATE LICENSEE is in possession of the stolen domain.

40. These actions were done intentionally and with knowledge that Defendant had no claim of right or title to the COMFORT.COM domain name registration.

41. As a result of this conversion, SLEEP NUMBER has been damaged in an amount to be proven at trial, its remedies at law are inadequate and entitle it to interim and permanent injunctive relief including return of the converted property and all profits obtained from it.

42. ULTIMATE LICENSEE's actions were taken with deliberate disregard for the rights of Plaintiff, with actual and deliberate knowledge that Plaintiff and its customers would thereby be injured, with malice and fraud, thus entitling Plaintiff to punitive damages against ULTIMATE LICENSEE.

**PRAYER FOR RELIEF**

WHEREFORE, SLEEP NUMBER prays that the Court grant the following relief:

1. Judgment in favor of SLEEP NUMBER and against Defendant on all claims;

2. An order temporarily and permanently enjoining Defendant from cybersquatting, CFAA violations, and conversion, and directing Defendant and the Registrar and privacy protect organizations (GODADDY.COM and DOMAINS BY PROXY) to transfer the domain name to Plaintiff, the placement of a transfer prohibition

on the registration that prevents any transfer (except a transfer to Plaintiff), and barring any further use of the domain by Defendant, its agents or related parties;

    3. Immediate transfer, by whatever means necessary, of the COMFORT.COM domain name to SLEEP NUMBER;

    4. Disgorgement of profits and wrongfully obtained funds;

    5. Damages, including trebling of damages for willfulness and exceptional case;

    6. Recovery of Plaintiff's attorneys' fees and costs incurred in this action under, among others 15 U.S.C. § 1117(a), the CFAA and any other applicable statute, rule or common law;

    7. Punitive damages for conversion; and

    8. Such other, different, and additional relief as the Court deems just and proper.

Dated: March 2, 2023

Respectfully Submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP


By: s/*Justin D. Balser*
    Justin D. Balser
    Ben L. Wagner
    Attorneys for Plaintiff
    SLEEP NUMBER CORPORATION

## VERIFICATION

I, Josh Oldham, declare:

I am a Director of IT Infrastructure Engineering for SLEEP NUMBER CORPORATION, a corporation organized and existing under the laws of Minnesota, which is the PLAINTIFF in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing VERIFIED COMPLAINT on file herein and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct.

Executed at Minneapolis, MN on March 2, 2023.

_____
Josh Oldham