IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sleep Number Corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>Unknown Party,<br><br>                      Defendant. | No. CV-23-00377-PHX-MTL<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

Pursuant to F.R.C.P. 55(a) and (b)(2), Plaintiff SLEEP NUMBER CORPORATION ("Plaintiff" or "SLEEP NUMBER") moved for default judgment against Defendant ANONYMOUS ULTIMATE LICENSEE OF COMFORT.COM (hereafter referred to as the "Defendant" and the site hereafter referred to as the "Domain"). Defendant's contact name was disclosed by the registrar but is a bogus name ("Comfort Admin"), and their identity remains currently anonymous. The Court having reviewed Plaintiff's Motion for Default Judgment (Doc. 28), Defendant having failed to answer or respond to the Complaint, and good cause appearing,

**IT IS ORDERED granting** Plaintiff's Motion for Default Judgment (Doc. 28).

**IT IS ORDERED granting** default judgment upon Plaintiff's claims for cybersquatting, violation of the CFAA, and conversion. The Court already evaluated the merits of each claim based on the Verified Complaint and found a likelihood of Plaintiff prevailing on each of its claims. (Doc. 22.) Nothing has changed and that same analysis demonstrates now that a finding of liability on each of the claims is warranted. Further,

the Court finds that Plaintiff has satisfied the procedural requirements for entry of default judgment, as well as Defendant's liability for each claim alleged in the Complaint for which default judgment is sought. Further, the *Eitel* factors warrant entry of default judgment: Plaintiff is without other recourse for recovery and thus would be severely prejudiced absent the requested relief, the Complaint establishes the grounds for Plaintiff's cybersquatting, CFAA, and conversion claims, Plaintiff does not seek monetary damages, the facts are undisputed as Defendant has not appeared in this action, there is no evidence of excusable neglect, and Defendant's failure to appear in or defend itself in this action weighs against any argument based on the policy favoring merits decisions.

Plaintiff also fulfills the requisite considerations for a permanent injunction including: (1) irreparable injury, (2) inadequacy of remedies at law, (3) balance of hardships, and (4) the public interest. Plaintiff has shown irreparable injury by establishing that Defendant hijacked Plaintiff's domain with the intent to profit in bad faith from Plaintiff's valuable trademarks. Absent injunctive relief, there is a continued risk that Defendant will continue to interfere with Plaintiff's Domain and otherwise misappropriate Plaintiff's trademarks, leading to further customer confusion. Further, the balance of the hardships favors the granting of relief, other remedies are inadequate because Plaintiff has no other mode of recourse, and the public interest weighs in favor of fraud prevention and liability for those who commit fraud. The Court exercises its discretion to enter a permanent injunction, and to comport with the full injunctive relief requested by Plaintiff and necessary to protect against Defendant's scheme.

**IT IS FURTHER ORDERED** that upon receipt of this Order, that Defendant (and any agents thereof and controlling third parties):

1. Shall not interfere in any way with Plaintiff's use or possession of the COMFORT.COM domain;
2. Shall not traffic in, register, or use any domain name containing the SLEEP NUMBER trademark and/or the COMFORT.COM trademark, or any

variation of those terms;

3. The provisional transfer of the COMFORT.COM domain to Plaintiff is made permanent and the registrar GoDaddy.com, LLC shall take all necessary actions to fully release the domain to Plaintiff or its agent.

The Defendant is warned that failure to fully comply with Orders of this Court, including violations of the letter or spirit of all injunctive relief, could result in a finding of civil and/or criminal contempt, which would include monetary penalties, fines, or imprisonment.

The Clerk is directed to return the $5,000 bond posted by Plaintiff (Doc. 10).

The Clerk shall enter judgment against Defendant accordingly.

Dated this 31st day of May, 2023.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge

- 3 -